## No. 323.

### THE STATE OF LOUISIANA VS. FRED. CHRISTIAN.

Where a party accused of crime has introduced witnesses to impeach the credi-bility of a witness for the State, and the impeaching witnesses had declared under oath that they knew his general reputation for truth and veracity in the community in which he lived, and that it was bad, it was error in the district judge after such a basis had been laid to refuse to permit the witnesses to an-swer the further question whether from their knowlege of his general repu-tation for truth and veracity they would believe him under oath.  6 An. 596; 5 R. 109.

Whether or not a proper foundation has been laid for the introduction of the dan-gerous character of the deceased is a matter to be decided by the trial court whose ruling in such matters will not be reversed unless manifestly erroneous.

APPEAL from the Fourth District Court, Parish of Winn. *Wear, J.*

*J. R. Land*, District Attorney, for the State, Appellee:

1. The regular mode of examining into the general reputation for truth and veracity is to inquire of the witness whether he knows the general reputation of the person in question among his neighbors, and what that reputation is. But it can not be inquired whether, from such knowledge, the witness would believe that person upon his oath.  Greenleaf, Vol. 1, Sec. 461.

State vs. Christian.

2.  Before evidence of the dangerous character of the deceased can be introduced there must be proof of an attack, or some hostile demonstration on the part of the deceased at the time of the killing.  38 An. 71; 37 An. 489.
3.  Plea of self-defence admits the killing.  36 An. 148.
4.  The burden of proving that the homicide was excusable on the ground of self-defence rests with the defendant.  Desty's American Criminal, Law p. 352.

---

*Henry Bernstein* and *Scarborough & Carver*, for Defendant and Appellant, cited:  Starkie, Evidence, Vol. 1, Sec. 28; Phillips, Evidenc, Sec. 7, p. 229; Wharton, Crim. Ev., Chap. 4, Sec. 487; 7 An. 85; Bishop, Crim. Pro., Secs. 617 to 620.

---

The opinion of the court was delivered by

NICHOLLS, C. J.   Defendant, convicted of murder without capital punishment, has appealed, and relies for reversal upon three bills of exception and an assignment of error.

The first bill is to the ruling of the district judge in refusing to allow counsel of the accused to ask certain witnesses, who had previously testified that they knew the general reputation of Charles Enoch, a State witness, for truth and veracity to be bad in the community in which he lived, whether from their knowledge of the genral reputation of said Enoch for truth and veracity they would believe him under oath.

The judge assigns as his reason for refussal that the question " From your knowledge of the general reputation of a witness for truth and veracity would you believe him on oath?" is improper—that the credibility of any witness is a matter for the jury alone to determine.

Defendant complains in his second bill that the judge improperly refused to allow him to prove the desperate character of Charles Enoch, the person at whom the accused fired when he killed Henry Washington, with whose murder the defendant stands charged in the present case.

In respect to this matter the judge says: " In the opinion of the court a proper and sufficient basis had not been laid to admit proof of the desperate character of Charles Enoch, the party the defendant claims assaulted him, and whom he shot at at the time he killed Henry Washington.

" It was manifest from the manner of the witnesses by whom the accused attempted to prove the assault by Enoch that they had great interest in the result of the trial and were anxious to see the accused acquitted, and from other witnesses and all the circumstances attending the case the court could not accept the statement of the witnesses upon the issue of the assault by Charles Enoch at the time the fatal shot was fired as true. The evidence for the State shows that at the time the fatal shot was fired Charles Enoch and the deceased Henry Washington were quarreling, talking distance from accused; which evidence was partly corroborated by the witnesses by whom accused attempted to prove the assault."

In the third bill, which is directed against a part of the judge's charge to the jury, it is complained that on the trial of the case the district judge, as would be shown by his written charge, told the jury that " the plea of self-defence admits the killing, and it devolves upon the defendant to show that the killing was done in self-defence; in other words, the party pleading self-defence must make good his plea."

The judge, though signing this bill, declares that the accused took no exception to the charge at the time it was given and asked for no correction of the same.

The assignment of error is merely a repetition in that form and mode of the complaint made in the third bill to the part of the judge's charge already mentioned—the defendant alleging error to his prejudice in that respect as being apparent on the face of the record.

The counsel for the defendant, in support of the first bill of exception, says, in his brief, "The following authorities sustain the position here taken."

"The proper question to be put to a witness for the purpose of impeaching the general character of another witness is whether he would believe him upon his oath." Starkie's Evidence, by Metcalf, Vol. 1, Part 2, Sec. 28.

" The regular mode is to inquire whether they have the means of knowing the former witness' general character, and whether from such knowledge they would believe him on his oath." Phillips on Evidence, Sec. 7, Chap. 8, p. 229.

" Supposing the impeaching witness be shown to be competent to

express an opinion, he may then be asked whether he would believe the impeached witness under oath." Wharton's Criminal Evidence, Chap. 9, Sec. 487.

" The proper inquiry is, what is his general character for truth in the place where he resides, and whether from the witness' knowledge of his general character he would believe him under oath." Waterman's U. S. Crim. Digest, Verbo Witness, No. 151.

" The proper question to be put to a witness called to impeach another is whether he would believe him on oath." Waterman's Crim. Digest, No. 152.

We have not been able to refer to the books themselves from which these citations are made, but the authorities are in accord with the views of this court as expressed in Stanton vs. Parker, 5 Rob. 109, and Paradise, Lawson & Co. vs. Sun Mutual Ins. Co., 6 An. 597.

In the latter case objection was made to a question asked of several witnesses " whether they would believe on oath" certain witnesses for the defence.

The objection taken was " that the opinion of a witness as to the credibility of another was inadmissible, that it allowed the witness to usurp the functions of the jury, that it was the introduction of a collateral issue rendering necessary the summoning of a fresh array of witnesses whose opinions might in turn be attacked and defended; that it was allowing vent in a court for feelings of personal spite and malice, was not an inquiry of fact, and was subversive of the good order of judicial proceedings."

Commenting on these objections the court said, "It will be observed that the bill of exceptions does not show that the question was put without previous inquiry touching the general reputation of the persons in question. When these preliminary inquiries have been made, we have no doubt that the question we are considering may be put. It is not to be supposed that jurymen are personally acquainted with the character of all the witnesses that come before them, and when they are called to find out the truth by means of the testimony presented to them, it is indispensable for the purposes of truth that they should know how far portions of that testimony are entitled to credence. The inconvenience suggested is a serious one, but the exclusion of necessary information from the jury would be a much greater one." .

The two cases last cited were civil cases, but the principles announced are as applicable, if not more applicable, in criminal actions.

See on this same subject 7 An. 85.

We are of the opinion the district judge should have allowed the question to be answered.

The second bill of exception is disposed of by the decisions in State vs. Ford, 37 An. 443; State vs. Janvier, Ib. 644; State vs. Ib. 728; State vs. Jackson, Ib. 896, wherein it is declared that whether or not a proper foundation has been laid for the introduction of evidence of the dangerous character of the deceased is a matter to be decided by the trial court, whose ruling in such matters will not be reversed unless manifestly erroneous."

The judge a quo says he did not believe the witnesses who testified to the facts which were sought to be made the foundation for the evidence offered to be introduced; and we have no means, even had we the right, to say that his conclusion was wrong.

The third bill of exception and the assignment of error cover the same subject matter. In view of the conclusion reached by the court on the first bill, it becomes unnecessary for us to consider them. For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the verdict of the jury and the judgment of the court thereon be annulled, avoided and reversed, and that this case be remanded for further proceedings according to law.